**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Lafell Lavert WHITE, Defendant– Appellant.**

No. 02–10611.

D.C. No. CR–00–00295–GEB.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2003.*

Decided Sept. 15, 2003.

Miguel Rodriguez, U.S. Attorney Office, Sacramento, CA, for Plaintiff–Appellee.

Vicki E. Cody, Esq., Sacramento, CA, for Defendant–Appellant.

Before PREGERSON, THOMAS and PAEZ, Circuit Judges.

MEMORANDUM **

Lafell Lavert White appeals the district court's revocation of supervised release and imposition of a seven-month sentence, following violations of special conditions set forth in his original sentence for possession of a firearm during the commission of a drug-trafficking crime under 18 U.S.C. § 924. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

White contends the district court abused its discretion in revoking supervised release for first-time grade C violations. This claim fails because under the plain language of the statute and the relevant sentencing guidelines, the court possessed authority to revoke on that basis. *See* 18 U.S.C. § 3583(e)(3) (allowing the district court to revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute if it finds that the defendant violated a condition of supervised release); U.S.S.G. § 7B1.3 (Policy Statement) (stating that the court may revoke probation or supervised release upon finding a Grade C violation). Furthermore, the district court did not clearly err in finding credible the probation officer's testimony and the part of White's testimony where he admitted the violations charged, nor did the court abuse

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

its discretion in sentencing White to the low end of the range—a sentence to which he stipulated.

White also argues that the district court abused its discretion because it focused on punishing White, when revocation of supervised release should instead focus on rehabilitation. This argument is without merit because, contrary to White's assertions, nowhere in the record did not district court "express a need to punish him."

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, we deny Lackner's request for oral argument.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.